UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES ARTHUR LEE,

    Plaintiff,

v.                             Case No. 4:20-cv-487-AW/MJF

MARK INCH, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's first amended complaint. (Doc. 17). Because the Middle District of Florida is the appropriate venue, the undersigned respectfully recommends that this case be transferred to the United States District Court for the Middle District of Florida.[1]

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, is an inmate of the Florida Department of Corrections ("FDC") confined at Sumter Correctional Institution. Plaintiff's complaint is difficult to follow, but Plaintiff alleges that Defendant David Colon, the current Warden at Sumter Correctional Institution, along with other named

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Defendants, denied Plaintiff adequate food. (Doc. 17 at 5). Additionally, Plaintiff alleges that State Classification and FSP West unit ICT Classification acted with deliberate indifference for Plaintiff's safety, in violation of the Eighth Amendment, by placing Plaintiff in general population. (*Id.* at 21).

## II. DISCUSSION

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.

When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought."). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. In this case, Plaintiff asserts that the events giving rise to this case occurred in Sumter Correctional Institution and Florida State Prison West Unit. These institutions are located in the Middle District of Florida. Thus, it is likely that any evidence relevant to this case is located in the Middle District of Florida, including any witnesses. As the proper venue for this action is the Middle District of Florida, it is in the interest of justice to transfer this case to that forum.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of the court close this file.

At Pensacola, Florida, this <u>1st</u> day of June, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**